# Exhibit A

IN THE CIRCUIT COURT FOR THE 18TH JUDICIAL CIRCUIT
DUPAGE COUNTY – WHEATON, ILLINOIS

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 15386461
2021L001141
FILEDATE: 10/28/2021 1:19 PM
Date Submitted: 10/28/2021 1:19 PM
Date Accepted: 10/28/2021 3:51 PM
DW

| | | |
|---|---|---|
| CHARLES C. SNYDER, individually, | ) | |
| Plaintiff, | ) | |
| | ) | No. _____ |
| vs. | ) | (Law Division) |
| | ) | 2021L001141 |
| STEWART LAW GROUP, an Arizona professional limited liability company; ROBERT C. HOWARD, JR. and KAREEN O'BRIEN, | ) ) ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT FOR ACCOUNTING, FOR BREACH OF FIDUCIARY DUTY, FOR BREACH OF CONTRACT AND FOR LEAGAL MALPRACTICE AND OTHER RELIEF

NOW COMES the Plaintiff, CHARLES C. SNYDER ("SNYDER"), pro se, complaining of Defendants, STEWART LAW GROUP ("STEWART LAW GROUP"), ROBERT C. HOWARD, JR. ("HOWARD") and KAREEN O'BRIEN ("O'BRIEN"), stating as follows:

### PARTIES

1. Plaintiff, SNYDER is a citizen of Illinois residing in DuPage County.

2. Defendant, STEWART LAW GROUP, is an Arizona professional limited liability company with multiple offices in the Phoenix, Arizona area. On information and belief, STEWART LAW GROUP is doing business in Arizona as the Stewart Law Group and licensed to practice in Arizona.

3. Defendant, HOWARD, is an individual. On information and belief, HOWARD is a resident of Arizona and licensed to practice law in Arizona.

4. Defendant, O'BRIEN, is an individual. On information and belief, O'BRIEN is a resident of Arizona and licensed to practice law in Arizona.

1

5. STEWART LAW GROUP, HOWARD and O'BRIEN are collectively referred to as the "Defendants" in this Complaint.

## BACKGROUND FACTS APPLYING TO ALL COUNTS

6. Jeanne Sapora Snyder ("Sapora") was always a citizen of Illinois prior to October 3, 2017.

7. SNYDER is and has always been a citizen of Illinois.

8. Sapora was a resident of DuPage County between February 1977 and October 3, 2017.

9. SNYDER is and has been a resident of DuPage County since February 1977.

10. Sapora voted in Illinois prior to October 3, 2017.

11. SNYDER has always voted in Illinois and continues to vote in Illinois.

12. Sapora always had an Illinois driver's license prior to October 3, 2017.

13. SNYDER has always had an Illinois driver's license.

14. Sapora never voted in Arizona or had an Arizona driver's license prior to October 3, 2017.

15. SNYDER never voted in Arizona nor had an Arizona driver's license.

16. Sapora did not own any real property in Arizona prior to October 29, 2019.

17. SNYDER did not directly own any real property in Arizona prior to January 10, 2020.

18. Sapora retained the law firm of Owens & Perkins, P.C. ("Owens") to file her Arizona Petition for Dissolution of Non-Covenant Marriage (Without Children) ("Arizona Divorce Petition").

2

19. Sapora was not physically present at any time in Arizona from June 3, 2017 until after Owens filed her Arizona Divorce Petition.

20. Sapora was not physically in Arizona 90-days prior to Owens filing her Arizona Divorce Petition

21. Sapora signed the signature page of her Arizona Divorce Petition in Illinois on October 2, 2017 in the presence of an Illinois notary, who notarized her signature in Illinois.

22. Sapora faxed or directed someone to fax her notarized signature page for the Arizona Divorce Petition to Owens.

23. Sapora boarded a flight from Chicago, Illinois on October 2, 2017 to Pheonix, Arizona sometime after faxing her notarized signature page for the Arizona Divorce Petition.

24. Owens removed the blank signature page from the Arizona Divorce Petition and inserted the notarized signature page into the Arizona Divorce Petition.

25. October 2, 2017, Owens filed the Arizona Divorce Petition with the notarized signature page in the Superior Court of the State of Arizona in the County of Maricopa.

26. October 3, 2017, SNYDER was served with the Arizona Divorce Petition on in Downers Grove, Illinois.

27. On October 15, 2017, SNYDER retained the Illinois law firm of Griffin, McCathy and Rice, LLP ("Griffin") to represent him in the Illinois divorce litigation.

28. On October 27, 2017, SNYDER retained the Defendants to represent him in the Arizona divorce litigation and executed a "Client Services Agreement."

29. The Client Services Agreement has no jurisdiction or venue provision.

30. The Client Services Agreement has no governing law provision.

3

31. On or about October 30, 2017, Griffin filed the Illinois Petition for Dissolution of Marriage in the Circuit Court of DuPage, Illinois ("Illinois Divorce Petition").

32. Sapora replaced Owens with the law firm of Jaburg & Wilk, P.C. ("Jaburg") on or about October 12, 2017.

33. On or about December 1, 2017, Sapora retained the Illinois law firm of Dussias, Wittenberg, Koeningsberger LLP ("Dussias") to represent her in the Illinois divorce litigation.

34. On or about December 15, 2017, Sapora submitted to the jurisdiction of the Circuit Court of DuPage, Illinois.

35. On or about February 9, 2018, Dussias filed in Illinois Amended Motion to Dismiss Petition for Dissolution of Marriage, which was denied.

36. On June 21, 2018, Jaburg filed a Motion to Set and Certificate of Readiness in Arizona.

37. The Defendants failed to file any reply to the Motion to Set and Certificate of Readiness in Arizona.

38. On June 27, 2018, Dussias filed a Motion Non Conveniens to dismiss the Illinois Divorce Petition.

39. On July 11, 2018, the Superior Court of Arizona issued a Minute Entry setting a 1-day trial for October 23, 2018.

40. On July 24, 2018, Dussias advised the Illinois Circuit Court of the Minute Entry setting a 1-day trial for October 23, 2018.

41. On or about August 7, 2018, the Illinois Circuit Court granted the Motion Non Conveniens and dismissed Illinois Divorce Petition.

42. On or about April 15, 2019, SNYDER replaced Defendants with the law firm of Fromm, Smith & Dadow, P.C. ("Fromm").

4

43. Fromm represented SNYDER to the conclusion of the Arizona divorce litigation.

44. The gross marital estate exceed $7,000,000 on October 2, 2017.

45. The gross marital estate included property located in Illinois, Colorado, California and Arizona.

46. The Arizona real estate was owned and titled in the name of a single member Illinois limited liability company.

47. SNYDER was the single member and manager of the Illinois limited liability company owning the Arizona real estate.

48. SNYDER and Sapora executed a post-nuptial agreement in March 1979.

49. SNYDER has paid STEWART LAW GROUP over $72,000.

50. SNYDER is an attorney licensed to practice law in Illinois.

51. Charles C. Snyder, P.C. is a professional corporation licensed to practice law in Illinois ("CCSPC").

52. SNYDER is the sole shareholder of CCSPC.

## COUNT I
## ACCOUNTING OF FEES OF STEWART LAW GROUP AND PAYMENTS RECEIVED

53. Plaintiff repeats and realleges paragraphs 1 through 52 as though fully set forth herein.

54. STEWART LAW GROUP has refused to provide full and complete documentation of the fees charged and payments of over $72,000 received.

55. Plaintiff believes the fees charged by the Defendants are excessive for the time expended and for the nature of the services provided.

56. Plaintiff needs the assistance of this Court to compel Defendants to provide detailed records of a full accounting of the fees charged and the payments received.

57. To the extent this Court finds the fees unreasonable or payments improperly applied, Plaintiff asks this Court to order that the said unreasonable fees or misapplied payments be repaid to Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

    A. That STEWART LAW GROUP be required to provide a full and complete accounting of its fees and payments received from Plaintiff.

    B. That this Court order any amounts received by STEWART LAW GROUP above and beyond the amount approved by this Court to be returned to the Plaintiff with appropriate interest.

    C. That this Court grant Plaintiff such other and further relief as may be proper in this cause.

## COUNT II
## BREACH OF FIDUCIARY DUTY

58. Plaintiff repeats and realleges paragraphs 1 through 57 as though fully set forth herein.

59. The STEWART LAW GROUP, as a law firm licensed to practice law in Arizona, had a separate fiduciary duty to the Plaintiff.

60. The STEWART LAW GROUP, as a law firm licensed to practice law in Arizona, has breached its fiduciary duty to the extent its fees have not been reasonable and proper.

61. That HOWARD, as an attorney licensed to practice law in Arizona, had a separate fiduciary duty to the Plaintiff.

62. That HOWARD, as an attorney licensed to practice law in Arizona, has breached his fiduciary duty to the extent his fees have not been reasonable and proper.

63. That O'BRIEN, as an attorney licensed to practice law in Arizona, had a separate fiduciary duty to the Plaintiff.

64. That O'BRIEN, as an attorney licensed to practice law in Arizona, has breached her fiduciary duty to the extent her fees have not been reasonable and proper.

65. The Defendants have also breached their fiduciary duties of loyalty and impartiality to Plaintiff by putting their own pecuniary interest above the interests of the Plaintiff.

66. The foregoing breaches of fiduciary duty were committed intentionally and without due regard for the interests of the Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

A. Plaintiff be awarded damages for all breaches of fiduciary duty caused by the Defendants as set forth herein and otherwise.

B. That Plaintiff be granted such other and further relief as may be proper in this cause.

## COUNT III
## BREACH OF CONTRACT

67. Plaintiff repeats and realleges paragraphs 1 through 66 as though fully set forth herein.

68. The STEWART LAW GROUP, as a law firm licensed to practice law in Arizona, has breached the Client Services Agreement.

69. HOWARD, as an attorney licensed to practice law in Arizona, has breached the Client Services Agreement.

70. O'BRIEN, as an attorney licensed to practice law in Arizona, has breached the Client Services Agreement.

71. The Defendants have also breached the Client Services Agreement requiring loyalty and impartiality to Plaintiff by putting their own pecuniary interest above the interests of the Plaintiff.

72. The foregoing breaches of contract were committed intentionally and without due regard for the interests of the Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

A. Plaintiff be awarded damages for all breaches of the Client Services Agreement caused by the Defendants as set forth herein and otherwise.

B. Plaintiff be granted such other and further relief as may be proper in this cause.

## COUNT IV
## LEGAL MALPROCTICE

73. Plaintiff repeats and realleges paragraphs 1 through 72 as though fully set forth herein.

74. STEWART LAW GROUP is a professional limited liability company composed of attorneys licensed to practice law in Arizona.

75. HOWARD and O'BRIEN were always either agent, representative, contract attorney and/or employee of the STEWART LAW GROUP.

76. Defendants falsely represented to the Plaintiff they had professional experience in marital estates exceeding $7,000,000.

77. Defendants falsely represented to the Plaintiff they had professional experience in marital estates with property in Illinois, Colorado, California and Arizona.

78. Defendants incorrectly filed a motion challenging personal jurisdictions.

79. Defendants failed to timely file a motion challenging subject matter jurisdiction.

80. Defendants failed to file a motion requesting more than a one day for trial.

81. Defendants failed to reply to the Motion to Set and Certificate of Readiness in Arizona.

8

82. Defendants incorrectly concluded Arizona law applied instead of Illinois law ignoring the seminal Arizona Appellate Court case.

83. The foregoing acts were committed intentionally and without due regard for the interests of the Plaintiff. As a result thereof, Plaintiff is entitled to recover punitive damages against the Defendants in such sums as may be determined to be appropriate in this cause.

WHEREFORE, Plaintiff prays for the following relief:

A. Plaintiff be awarded damages for malpractice caused by the Defendants as set forth herein in excess of Seven Hundred Fifty Thousand Dollars ($750,000.00).

B. Plaintiff be awarded reasonable attorney's fees and costs as may be determined to be appropriate.

C. Plaintiff be granted such other and further relief as may be proper in this cause.

CHARLES C. SNYDER,

BY: _Charles C. Snyder_
Charles C. Snyder, Pro Se

CHARLES C. SNYDER
1230 ARNOLD COURT
DOWNERS GROVE, IL 60516
PHONE: (630) 215-5207

STATE OF ILLINOIS      )
                       )
COUNTY OF DUPAGE       )

## VERIFICATION BY CERTIFICATION

UNDER PENALTIES OF PERJURY AS PROVIDED BY LAW PURSUANT TO 735 ILCS 5/1-109, I CERTIFY THAT THE STATEMENTS SET FORTH IN THIS INSTRUMENT ARE TRUE AND CORRECT, EXCEPT AS TO THE MATTERS THEREIN STATED TO BE ON INFORMATION AND BELIEF AND AS TO SUCH MATTERS I CERTIFY AS AFORESAID THAT I BELIEVE THE SAME TO BE TRUE.

*/s/ Charles C. Snyder*

CHARLES C. SNYDER

CHARLES C. SNYDER
1230 ARNOLD COURT
DOWNERS GROVE, IL 60516
PHONE: (630) 215-5207